IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROGER DALE GUESS | § | |
| v. | § | CIVIL ACTION NO. 6:12v186 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Roger Guess, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Guess was convicted of driving while intoxicated on October 24, 2008, receiving a sentence of 99 years in prison. He took a direct appeal, and his conviction was affirmed on February 26, 2010. His petition for discretionary review was refused by the Texas Court of Criminal Appeals on November 10, 2010.

Guess stated that his attorney, Roy Romo, filed a state habeas petition by fax and overnight mail on February 3, 2012, but the petition was not file-stamped by the clerk of the district court until February 7, 2012. Romo told Guess to file a "preemptive 2254" along with a motion to stay or abate the case until the state petition was finally ruled upon. Guess filed this federal habeas proceeding while his state petition was still pending.

The Respondent was ordered to answer Guess' federal habeas petition and filed a motion to dismiss for failure to exhaust state remedies. The Respondent argued that Guess' motion

to stay or abate was not appropriate, noting that none of the claims raised in the present petition appear in Guess' petition for discretionary review and that by filing his federal petition, Guess is attempting to bypass the state courts.

In his response to the motion to dismiss, Guess stated that his attorney had an agreement with the state district court to file stamp his state habeas petition on February 3, 2012, but it was not file-stamped until February 7. The attorney then terminated his representation of Guess because Guess' sisters could no longer afford to pay him. He argues that he has shown good cause why, out of necessity, he had a valid excuse for his preemptive filing and request for a stay, and contends that he has suffered prejudice because he is actually innocent of the offense.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the Respondent's motion to dismiss be granted and that the petition be dismissed without prejudice for failure to exhaust state remedies. The Magistrate Judge noted that both Guess and the Respondent rely on <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). In that case, the Supreme Court held that district courts have the power to stay habeas corpus proceedings and hold them in abeyance, but that this power should be used only in limited circumstances - specifically, when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court. The Supreme Court stated that it would likely be an abuse of discretion to deny a stay and dismiss a "mixed" petition (i.e. a petition containing both exhausted and unexhausted claims) if the petitioner had good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." The Supreme Court added that if the petitioner presents the federal district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain habeas corpus relief.

In the present case, the Magistrate Judge stated, Guess did not show good cause for his failure to exhaust state remedies. His petition for discretionary review was denied on November 10, 2010, but Guess waited until February 3, 2012, almost 15 months later, to seek post-conviction collateral relief through the filing of a state habeas corpus petition. He offered no explanation for this lengthy delay, and his pleadings show that he was not proceeding *pro se*, but was represented by counsel, who filed his state habeas petition for him.

Second, the Magistrate Judge also stated that Rhines did not apply because Guess did not file a "mixed" petition in federal court, but instead filed an "unmixed" petition containing only claims which had not been exhausted. The Magistrate Judge thus concluded that there were no exhausted claims to hold in abeyance, citing a number of district court cases around the country which had also concluded that Rhines did not apply to unmixed petitions. For these reasons, the Magistrate Judge recommended that the Respondent's motion to dismiss be granted; however, the Magistrate Judge noted that no opinion was offered as to the merits of any equitable tolling claim that Guess may raise in the event that he refiles his state habeas petition once state remedies are exhausted, if this refiling falls outside of the limitations period.

Guess filed objections to the Magistrate Judge's Report on August 24, 2012. In his objections, Guess states that "the gravamen of [his] claim of good cause for equitable tolling for the last five days of the §2244 tolling period is the unclean hands of the state actor; the trial court's clerk, who had his 11.07 [state habeas petition] in hand on 3 February 2012, but held it until five days later to file-stamp it on the last day of the 365 day period." He says that his attorney had a "verbal agreement" with the district clerk to file-stamp the petition on February 3. Guess also complains that the clerk of the state district court sent him mail with his TDCJ number but the name of another person, Josh Woodruff, so the unit mailroom refused to deliver them.

Second, Guess complains that the Magistrate Judge failed to mention the Supreme Court's decision in Artuz v. Bennett, 531 U.S. 4 (2000), which held that a state habeas corpus petition is "properly filed" when it is delivered to and accepted by the appropriate state official for

3

placement in the record. Based on this case and on Texas law, Guess argues that his state habeas petition was "properly filed when the fax was received by the state district clerk. He also says that he did not intend to avoid exhausting his state remedies, and that his motion for stay and abeyance was done to request a continuance so that state remedies can be exhausted.

Third, Guess appears to concede that <u>Rhines</u> is unsuitable for "unmixed" petitions, but says that <u>Rhines</u> is material in that it highlights the district court's power to grant a "stay and abeyance." After again stating that he is actually innocent, Guess says that after his petition for discretionary review was denied, his sister Kelly hired a "post-conviction special investigator," who ended up charging some $9000 for very little work. Guess then urged that his sister hire an attorney, but the first two whom she sought out declined to take the case. She then hired Romo, who met with Guess in October of 2011 and returned in January of 2012 with the draft of the state petition. This was then filed by fax on February 3, 2012. Romo told Kelly that he would charge $4500 to handle the petition, but before Kelly and her sisters could raise the money, their father had a major health crisis, requiring that they focus all time and resources on moving him to Longview to a nursing home. Because they could not pay Romo, he withdrew from the case.

In his fourth objection, Guess says that he objects to the granting of the motion to dismiss because he has shown good cause for equitable tolling due to the state clerk's bad faith acts in not filing the habeas petition until four days after it was received. He says that dismissal could leave him without recourse and result in further prejudice for an actually innocent person to serve a 99 year sentence.

The doctrine of equitable tolling of the statute of limitations, which Guess emphasizes in his objections, is not applicable in the present case, because the statute of limitations is not an issue here. The question is whether Guess' petition should be stayed pending exhaustion or whether it should be dismissed without prejudice for failure to exhaust state remedies. <u>Artuz v. Bennett</u> is similarly inapplicable; that case discusses when petitions are "properly filed" so as to toll the statute of limitations and does not speak to stays pending exhaustion.

4

As the Magistrate Judge said, Rhines is inapplicable because this is not a "mixed" petition but an "unmixed" one, in which none of the claims have been exhausted. As such, the "stay and abeyance" procedure is inappropriate; the district court must dismiss petitions which are completely unexhausted. Tappin v. United States District Court, civil action no. 1:05cv190, 2008 WL 686555 (E.D.Cal., March 11, 2008, no appeal taken); *accord*, Baldonado v. Elliott, civil action no. CV-05-3136, 2006 WL 1698138 (D.Ariz., June 15, 2006, no appeal taken) (where none of petitioner's claims were exhausted, staying the petition was not appropriate; petitioner did not exhaust any of his claims, so there were no exhausted claims to hold in abeyance). Guess is in the same procedural posture.

In addition, Guess has not shown good cause for his failure to exhaust state remedies. His petition for discretionary review was denied in November of 2010, giving him ample time in which to seek federal habeas corpus relief; however, he waited until less than a week before his limitations period expired in February of 2012 in which to file his state habeas petition. The fact that he chose to have his family hire an investigator rather than an attorney does not show good cause for the delay in seeking state habeas corpus relief, which delay resulted in Guess' failure to exhaust his state remedies prior to filing his federal petition. Because Guess filed an "unmixed" petition and did not show good cause for his failure to exhaust state remedies prior to the filing of this case, the Magistrate Judge correctly recommended that the Respondent's motion to dismiss be granted and that the petition be dismissed without prejudice. Guess' objections to the Magistrate Judge's Report are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Respondent's motion to dismiss (docket no. 14) is hereby GRANTED and the above-styled petition be and hereby is DISMISSED without prejudice for failure to exhaust state remedies. Should Guess choose to refile this petition after his state remedies have been exhausted, the dismissal of this petition shall not preclude him from arguing at that time that the limitations period should be equitably tolled, in the event that such refiling takes place after the statute of limitations has putatively expired; the Court offers no opinion as to the merits of an equitable-tolling argument at this time. It is further

ORDERED that any and all other motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 10th day of September, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**